Stanley Grayson and Florence Grayson v. Commissioner.
Grayson v. Commissioner
Docket No. 49499.
United States Tax Court
T.C. Memo 1955-92; 1955 Tax Ct. Memo LEXIS 248; 14 T.C.M. (CCH) 318; T.C.M. (RIA) 55092; April 18, 1955
*248 Stanley Grayson, 5 West 86th Street, New York, N. Y., pro se. Charles M. Greenspan, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined a deficiency in petitioners' income tax for the year 1947 in the amount of $1,656.33. The nature of the controversy appears in the following paragraphs. The case was submitted on the following stipulation of facts: The petitioners are husband and wife and presently reside at 322 West 72nd Street, New York 23, New York. They filed joint Federal income tax returns for each of the taxable years 1945, 1946 and 1947 with the collector of internal revenue at Jacksonville, Florida. The petitioners received a notice of deficiency dated April 1, 1953 determining a deficiency in their 1947 Federal income tax liability in the amount of $1,656.33. The explanation accompanying the notice of deficiency stated as follows: "(a) On your 1947 individual income tax return you claimed a net operating loss deduction based on a net operating loss for the year 1946 in the amount of $3,071.48. It is held this loss should have first been carried back to the years 1944 and 1945 and since you had sufficient *249 taxable income during those years to absorb this entire loss no deduction therefor is allowable in 1947. Your income for the year 1947 has accordingly been increased by the amount of $3,071.48. (b) Depreciation claimed on a new Chrysler car has been reduced as follows: Cash paid
$1,500.00
Book value of Lin-
coln traded in
1,516.60
Basis for deprecia-
tion on Chrys-
ler
$3,016.60
Depreciation at
25% for 9
months
$565.61
Amount claimed
per return
675.00
Excessive depre-
ciation
$109.39" The petitioners concede and do not contest item (b). The petitioners admit that the deficiency for the taxable year 1947 was correctly imposed, in view of the fact that under the law their 1946 net operating loss must first be carried back to the years 1945 and 1944 before being carried forward to the taxable year 1947, and the petitioners in fact had sufficient income in 1944 and 1945 to absorb completely and wipe out the 1946 net operating loss, which would thus not be available as a carry-over to the taxable year 1947. A waiver extending the time for assessment of the petitioners' 1947 income tax liability until June 30, 1952 had been signed by the petitioners *250 on January 16, 1951, and a second waiver extending the time for assessment of the petitioners' 1947 income tax liability until June 30, 1953 had been signed by the petitioners on May 7, 1952. The petitioners' 1947 joint income tax return had been audited some time after May 7, 1952, and the revenue agent's audit report had been sent to the petitioners on or about July 15, 1952. As will be noted in the above facts, petitioners admit that the deficiency for the taxable year 1947, the only year before us, was correctly imposed. They, however, ask that we open the year 1945 to permit them to carry back a net operating loss and claim a refund for taxes paid in that year. Such action is wholly beyond the statutory jurisdiction of this Court. The statute of limitations having run, and we having before us only the year 1947, respondent must prevail. Petitioners have stated no valid ground and cited no controlling authority in support of their contention. Decision will be entered for the respondent.